IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Theoplas Coleman, ) | C/A No.: 0:23-2222-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER AND NOTICE |
| Walmart Supercenter of Dutch ) | |
| Fork Road; Jeffery Burgess of ) | |
| Dutch Fork Road Walmart; ) | |
| Walmart Asset Protection; and ) | |
| Officer Schylur Wells of Irmo ) | |
| Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

William Theoplas Coleman ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Walmart Supercenter of Dutch Fork Road in Irmo, South Carolina; Jeffery Burgess of Dutch Fork Road Walmart; Walmart Asset Protection of Dutch Fork Road; and Officer Schylur Wells of Irmo Police Department Officer (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges on August 22-23, 2022:

> Jeffery Burgess[,] Asset protection of Dutch Fork Road Walmart did willfully and unlawfully maliciously prosecute the Plaintiff by

> willfully violating his Constitutional Right to a fair trial. The Defendant proceeded with a trial and prosecution of the Plaintiff in the presence of a Judge that the plaintiff had previously sued.

[ECF No. 1]. Plaintiff alleges he was unlawfully convicted and later successfully appealed the conviction. Plaintiff alleges damages "[d]ue to the willingness and unlawfulness of [Burgess and Wells] to proceed in an unfair trial . . . ." He seeks 30 million dollars, for Wells to be barred from working in law enforcement, and for Burgess to be terminated. *Id.* at 2.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

2

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.  Analysis

1. Insufficient Allegations

Plaintiff has not stated a claim against Wells. Plaintiff alleges only that Wells prosecuted charges against him, although Wells knew Plaintiff had sued the presiding judge. Such a claim fails to state a constitutional violation, as Wells does not control the presiding judge. Therefore, Wells in entitled to summary dismissal.

2. No subject matter jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and

4

a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question pursuant to 28 U.S.C. § 1331; and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332. The allegations contained against Walmart Supercenter of Dutch Fork Road in Irmo, South Carolina, Jeffery Burgess of Dutch Fork Road Walmart, and Walmart Asset Protection of Dutch Fork Road ("Walmart Defendants") in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the essential allegations against Walmart Defendants contained in Plaintiff's complaint are insufficient to show that the case is one "arising

5

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the extent Plaintiff is attempting to bring a civil rights claim pursuant to 42 U.S.C. § 1983, such claim fails because Plaintiff has not shown Walmart Defendants are state actors. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983).

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff's complaint fails to allege any allegations establishing the court has diversity jurisdiction over Walmart Defendants.

Because Plaintiff has not shown that the court has either diversity or federal question jurisdiction over his claims against Walmart Defendants,[1] his complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **June 27, 2023**, along with any appropriate service

---

[1] The undersigned notes there may be other legal bases for summary dismissal of Walmart Defendants, but notes it need not address all bases because it lacks subject matter jurisdiction.

6

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

June 6, 2023  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge