IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Theoplas Coleman,<br><br>                Plaintiff,<br><br>vs.<br><br>Walmart Supercenter of Dutch Fork Road; Jeffery Burgess of Dutch Fork Road Walmart; Walmart Asset Protection; and Officer Schylur Wells of Irmo Police Department,<br><br>                Defendants. | C/A No. 3:23-cv-2222-JFA-SVH<br><br>**OPINION AND ORDER** |

## I.    INTRODUCTION

Plaintiff William Theoplas Coleman, ("Plaintiff"), proceeding pro se, brings this action against Walmart Supercenter of Dutch Fork Road in Irmo, South Carolina; Jeffery Burgess of Dutch Fork Road Walmart; Walmart Asset Protection of Dutch Fork Road; and Officer Schylur Wells of Irmo Police Department Officer. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915[1] and 28 U.S.C. § 1915A, the Magistrate Judge

---

[1] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B).

1

assigned to this action issued an order informing Plaintiff that the complaint contained several deficiencies as drafted and providing him with time to file an amended complaint to correct those deficiencies. (ECF Nos. 4 & 5). Plaintiff failed to respond to these orders.

Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 13). Within the Report, the Magistrate Judge opines that defendant Wells be summarily dismissed and the remainder of the action dismissed for lack of jurisdiction. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on August 16, 2023. (ECF No 16). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore, no further recitation is necessary here. (ECF No. 13).

Within the Report, the Magistrate Judge concluded that:

> Plaintiff has not stated a claim against Wells. Plaintiff alleges only that Wells prosecuted charges against him, although Wells knew Plaintiff had sued the presiding judge. Such a claim fails to state a constitutional violation, as Wells does not control the presiding judge. Therefore, Wells is entitled to summary dismissal.

(ECF No. 13, p. 4).

Within his objections, Plaintiff states that, as to Wells:

> Sure he may not be able to control the presiding judge but he can control himself. As a sworn in official acting under color of state law, having taken an oath to uphold the Constitution he must not partake in any wrong doing, false imprisonment, or witness a violation of any persons civil rights and not take action upon it because it is essentially his job to protect people from such harm. He should not take part or allow anybody to do anything that is against the law . . . .

(ECF No. 16, p.2).

Plaintiff's objections fail to point to any error in the Report. These objections merely reiterate Plaintiff's erroneous belief that Defendant Wells should be held responsible for actions taken by a judge presiding over a case Wells prosecuted. Plaintiff has not shown any actions Wells took to violate Plaintiff's constitutional rights or otherwise shown how Wells could have exercised any authority over the presiding judge. Apart from the sparse and conclusory assertions within his objections, Plaintiff has offered no support for his

4

arguments or shown that the Report contained any errors. Accordingly, Plaintiff's objections as to Defendant Wells are overruled.

The Report also concluded that the District Court lacked jurisdiction to pursue any claims remaining against Walmart or its employee Jeffery Burgess. In an apparent attempt to show that this court has diversity jurisdiction, Plaintiff alleges that Walmart is headquartered in Arkansas and therefore is a citizen of Arkansas. Plaintiff further seeks to amend the complaint to add Walmart CEO Doug McMillon who also resides in Arkansas.

Assuming Plaintiff is correct, this court still does not possess subject matter jurisdiction based on diversity of the parties. As stated in the Report, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978).

Here, Plaintiff has failed to identify Defendant Jeffery Burgess' citizenship. Moreover, it is extremely likely that Burgess resides in South Carolina as he has been identified as an employee who works in a South Carolina Walmart. Plaintiff also resides in South Carolina. Accordingly, Plaintiff has failed to show complete diversity between each of the parties. Because the applicable statute requires complete diversity, Plaintiff's claims are still subject to dismissal for lack of jurisdiction.  Accordingly, Plaintiff's objections are overruled and any attempt to amend the complaint to add CEO Doug McMillon is moot.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 13). For the reasons discussed above and in the Report, this action is summarily dismissed without prejudice and without leave for any further amendments.

IT IS SO ORDERED.

August 29, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge